SNELL & WILMER L.L.P.
Elizabeth M. Weldon (Cal. Bar No. 223452)
eweldon@swlaw.com
Marjorie A. Witter (Cal. Bar No. 250061)
mwitter@swlaw.com
350 South Grand Avenue
Suite 2600
Two California Plaza
Los Angeles, California  90071
Telephone:  213.929.2500
Facsimile:   213.929.2525

Attorneys for Plaintiff
Haru Holding Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARU HOLDING CORPORATION, a Delaware corporation,<br><br>                    *Plaintiff*,<br><br>          v.<br><br>SPRING VISION RESTAURANT CORPORATION, a California corporation, d/b/a Haru Sushi Cafe, Haru Sushi, and Harusushicafe.com<br><br>                    *Defendant*. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

1   Plaintiff, HARU HOLDING CORPORATION, a Delaware corporation, by
2   and through its undersigned counsel, files this complaint against Defendant
3   SPRING VISION RESTAURANT CORPORATION, a California corporation,
4   d/b/a HARU SUSHI CAFE, HARU SUSHI, and/or HARUSUSHICAFE.COM, and
5   in support of its claims alleges as follows:

6                           **JURISDICTION AND VENUE**

7       1.      This action arises under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a)
8   and 1125(d), and California laws.  This Court has jurisdiction over Plaintiff's
9   claims against Defendant because this Court has original federal question subject
10  matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and
11  (b) and 15 U.S.C. §1121.  This Court has supplemental subject matter jurisdiction
12  over Plaintiff's remaining state law and common law claims under 28 U.S.C. §1367
13  (a).

14      2.      This Court has personal jurisdiction over Defendant because
15  Defendant does business in the State of California and this district, because the
16  Defendant has a principal place of business in the State of California and this
17  district, and because the willful actions herein took place in the State of California
18  and this District.

19      3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c)
20  because the facts giving rise to the claims alleged herein occurred in this judicial
21  district.

22      4.      Plaintiff has engaged undersigned counsel and has agreed to pay
23  undersigned counsel reasonable attorneys' fees for all services rendered in this
24  action and otherwise with enforcing Plaintiff's intellectual property rights.

25                              **THE PARTIES**

26      5.      Plaintiff Haru Holding Corporation ("Plaintiff") is a Delaware
27  corporation with a business address of 8750 NW 36th Street, Suite 300, Doral,
28  Florida, 33178.

6.     Upon information and belief, Defendant Spring Vision Restaurant Corporation ("Defendant") is a California corporation, with a business address of 480 S. San Vicente Blvd., Los Angeles, California, 90048.

7.     Upon information and belief, Defendant owns and operates a restaurant located at 480 S. San Vicente Blvd., Los Angeles, California, 90048, and uses the trademarks, trade names, and domain names HARU SUSHI CAFÉ, HARU SUSHI, and/or HARUSUSHICAFE.COM (individually and/or collectively the "Infringing Marks") in connection with that restaurant.

## STATEMENT OF CASE

8.     This is a civil action by Plaintiff against Defendant seeking injunctive relief, Defendant's profits, compensatory damages sustained, costs and attorneys' fees of this action, treble damages, and statutory damages, among other relief for trademark infringement, false designation of origin, cybersquatting, and unfair competition --- all of which are violations of federal, California and common laws.

9.     Plaintiff brings this action due to Defendant's continued and willful infringement and disregard of Plaintiff's federally-registered **HARU®** Trademarks (as later defined), and Defendant's use, registration, and/or attempt to register trademarks, trade names, and domain names, consisting of the **HARU®** Trademarks and/or marks confusingly similar to the **HARU®** Trademarks, and/or Defendant's use directly and/or indirectly in concert with others, of the **HARU®** Trademarks and trademarks, trade names, and domain names including the word "HARU", in connection with the advertising and promotion of competing restaurant services.  Defendant's use of the confusingly similar Infringing Marks are likely to bring to mind Plaintiff's distinctive **HARU®** Trademarks, create consumer confusion, and create a false association between Plaintiff and Defendant.

10.     As set forth below, Defendant's acts constitute federal and state trademark infringement, use of a false designation of origin, false description,

unfair competition, cybersquatting, and injury to business reputation, all in violation of 15 U.S.C. §§ 1114 and 1125(a) and (d); and California common laws.

## FACTS COMMON TO ALL COUNTS

### *THE INCONTESTABLE HARU® TRADEMARKS*

11.     Plaintiff operates several high profile restaurants in the United States which prominently use and display one or more of the federally-registered and state-registered **HARU®** trademarks and other common law trademarks, domain names and corporate names consisting of the **HARU®** trademark (collectively, the "**HARU®** Trademarks").

12.     Plaintiff's **HARU®** restaurants serve traditional Japanese and inventive Japanese-fusion cuisine in a unique, trendy and upscale ambiance. Plaintiff also provides delivery and catering services, private rooms and lounges, and a vibrant bar scene.

13.     Plaintiff has continuously and extensively used the **HARU®** Trademarks in interstate commerce since as early as 1999 in connection with its restaurant, catering, and related services.

14.     Plaintiff's goods/services have been highly publicized in connection with the **HARU®** Trademarks and by virtue of its promotion, advertising, and continuous use, Plaintiff has acquired notoriety and a valuable reputation connected with the **HARU®** brand.

15.     Plaintiff is the owner of the following federal trademark registrations for its **HARU®** Trademarks (individually and collectively referred to as the "**HARU®** Registrations"), including, without limitation, the following:

| Trademark | Registration No. | Goods/Services | Incontestable |
|---|---|---|---|
|  | 2,546,193 | Restaurant services (Class 042). | Yes |

| | | | |
|---|---|---|---|
| **HARU** | 2,709,147 | Restaurant services (Class 043). | Yes |
|  | 4,125,100 | Restaurant, bar, carry-out and catering services (Class 043). | No |

True and accurate copies of the above-referenced **HARU®** Registrations are attached hereto as **Exhibit 1**.  Each of the **HARU®** Registrations is valid, subsisting, and in full force and effect and therefore, confers a nationwide right of exclusive use of the trademark in connection with the goods/services applied for in the registrations pursuant to 15 U.S.C. § 1057(c).

16.    Two (2) of the **HARU®** Registrations are incontestable, including the word mark **HARU®**, and thereby constitute conclusive evidence of Plaintiff's ownership and its exclusive right to use the marks in connection with "restaurant services" in accordance with 15 U.S.C. § 1065.  In addition, the registrations are proof of the inherent distinctiveness of the **HARU®** Trademarks.

### *THE GOODWILL IN THE HARU® TRADEMARKS*
### *AND THE FINE REPUTATION OF PLAINTIFF*

17.    The **HARU®** restaurants are popular among Japanese fusion cuisine and sushi enthusiasts alike and have received a great number of positive reviews on various online websites like Yelp.com, Zagat.com, and Tripadvisor.com.  Since opening the doors, Plaintiff has continuously expended substantial resources to market, advertise, and promote its **HARU®** Trademarks in a variety of national media including without limitation, through print and electronic media (e.g. harusushi.com, Facebook, and YouTube), television, and radio.

18.    As a result of extensive advertising and promotion, the **HARU®** Trademarks have acquired enormous value and have become distinctive and well-

1  known to the consuming public and the trade as identifying and distinguishing
2  Plaintiff's goods/services.

3       19.    Due to the substantial success of Plaintiff's restaurants, the **HARU®**
4  Trademarks have received extensive unsolicited publicity and media coverage.
5  Over the past decade, **HARU®** restaurants have grown and become premier dining
6  establishments.

7       20.    On information and belief, Plaintiff's registered rights in its **HARU®**
8  Trademarks were established long before any date of first use on which Defendants
9  may rely.

10  ### *HISTORY OF THE PARTIES*

11       21.    Defendant operates a restaurant named Haru Sushi Cafe in
12  Los Angeles, California.   In connection with the restaurant, Defendant uses the
13  trademarks, trade names and domain names HARU SUSHI CAFE, HARU, HARU
14  SUSHI, and/or HARUSUSHICAFE.com.

15       22.    On or about April 29, 2011, Plaintiff, by and through its predecessor
16  counsel, sent correspondence to Defendant advising it of Plaintiff's objection to
17  Defendant's use of the **HARU®** Trademarks in connection with its restaurant
18  located at 480 S. San Vicente Blvd, Los Angeles, California, 90048.

19       23.    On or about September 24, 2012, Plaintiff's predecessor counsel sent
20  correspondence to Defendant, which stated that Plaintiff had received prior
21  assurances from Defendant's former counsel, Dan Delaney, that Defendant was
22  changing its name to something that did not consist of the HARU® **Trademarks**.
23  The letter stated that Plaintiff's counsel had learned that Defendant did not change
24  its name and had continued to use the **HARU®** Trademarks as part of Defendant's
25  company name and domain name.

26       24.    Plaintiff's counsel sent an additional correspondence to Defendant on
27  June 18, 2014, which stated that it had attempted to reach Defendant's counsel
28  numerous times and had received no response.

25.    As of the filing of this action, Defendant has not responded to Plaintiff's latest correspondence and Defendant continues to use the Infringing Marks.

### THE LIKELIHOOD OF CONFUSION BETWEEN THE HARU® TRADEMARKS AND DEFENDANT'S INFRINGING USES

26.    Defendant had knowledge of Plaintiff's superior rights to and interest in the **HARU®** Trademarks prior to purchasing and/or commencing use and/or registration of the Infringing Marks.  As a matter of law, Defendant was at least on constructive notice of Plaintiff's **HARU®** Trademarks due to the issuance by the United States Patent and Trademark Office of the **HARU®** Registrations prior to purchasing, and/or commencing its use and registration of the Infringing Marks.

27.    Defendant also had actual notice of Plaintiff's rights to the **HARU®** Trademarks through Plaintiff's correspondence with Defendant, but nonetheless has continued to use the Infringing Marks or marks confusingly similar to Plaintiff's registered marks.

28.    Defendant's use and registration of the confusingly similar Infringing Marks as part of its trade names, trademarks, and domain names to identify competing restaurant and related services creates confusion and deception as to the source or origin of Defendant's (and/or its affiliates' or business partners') goods/services and through this use, Defendant is unfairly trading on the valuable reputation and goodwill embodied in the **HARU®** Trademarks.

29.    The sight, sound, and overall commercial impression conveyed by Defendant's Infringing Marks are confusingly similar to the **HARU®** Trademarks.

30.    The type of goods/services being offered by Defendant in connection with the Infringing Marks are identical to the type of goods/services being offered by Plaintiff in connection with the **HARU®** Trademarks.

31.    Defendant's use of, advertising and/or registration of the Infringing Marks are likely to cause consumers to mistakenly believe that Defendant's (and/or

its affiliates' or business partners') goods/services are approved, endorsed, sponsored by, or affiliated with Plaintiff, or that Plaintiff is a source of Defendant's (and/or its affiliates' or business partners') goods/services, or that those goods/services are in some other way associated with Plaintiff, all to Plaintiff's injury and harm.

32.     Plaintiff has not granted any right, assignment or license to use its **HARU®** Trademarks to Defendant (and/or its affiliates or business partners) for any purpose whatsoever.

33.     Defendant's conduct not only infringes Plaintiff's rights in and to the **HARU®** Trademarks; it trades upon Plaintiff's goodwill and reputation; dilutes the distinctiveness of the **HARU®** Trademarks; causes a likelihood of confusion; and unfairly competes with Plaintiff.

34.     Defendant's conduct has damaged, and continues to damage, Plaintiff. To the extent that Defendant (and/or its affiliates' or business partners') goods/services are offered improperly in connection with the **HARU®** Trademarks, and do not conform to Plaintiff's quality standards, such non-conformity has injured or is likely to injure Plaintiff's reputation and goodwill.

## COUNT 1:  INFRINGEMENT OF A REGISTERED TRADEMARK
## (15 U.S.C. § 1114)

35.     Plaintiff hereby repeats and incorporates the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36.     This claim is brought under 15 U.S.C. § 1114.

37.     Plaintiff has continuously and extensively used the **HARU®** Trademarks since as early as 1999 and has not abandoned the marks.

38.     The **HARU®** Registrations are valid and enforceable, and two of the registrations, including the word mark for **HARU®**, are incontestable.

SNELL & WILMER
ATTORNEYS AT LAW
LOS ANGELES

19946358

- 8 -

39.     Plaintiff's use and registration of the **HARU®** Trademarks in the United States for restaurant services predates the use of the Infringing Marks by Defendant.

40.     Defendant's control, use, registration, and/or renewal of the Infringing Marks in commerce, in connection with the sale, offering for sale, distribution, or advertising of competing goods and/or services are likely to cause confusion, mistake, or deception with regard to the origin of Defendant's goods/services and to confuse, mislead, and deceive members of the public into believing that Plaintiff has allowed, sponsored, approved, or licensed Defendant (and/or its affiliates or business partners) to provide competing goods/services, or in some way Defendant (and/or its affiliates or business partners) is connected to or affiliated with Plaintiff, when Defendant is not.

41.     This confusion has resulted in injury and has had a direct impact on Plaintiff's reputation and its ability to market its own goods/services under the **HARU®** Trademarks.  Furthermore, any defect, objection, or fault found with Defendant's (and/or its affiliates' or business partners') goods/services would negatively impact and seriously injure the reputation Plaintiff has established for the goods/services it sells under the **HARU®** Trademarks.

42.     Upon information and belief, Defendant's aforementioned infringing acts and conduct were carried out willfully and with the intent and purpose of appropriating and trading upon the goodwill and reputation of Plaintiff and the **HARU®** Trademarks and to pass off Defendant's goods/services as Plaintiff's goods/services, or as having been sponsored or approved by Plaintiff.

43.     Defendant's control, use, registration, and/or renewal of the Infringing Marks are without Plaintiff's permission, license, or consent.  Defendant is not connected with Plaintiff or the **HARU®** Trademarks.

44.     Plaintiff has objected to Defendant's use, attempt to register, registration, and/or renewal of the Infringing Marks and Defendant has intentionally

ignored such demands and continues the infringing conduct, intending to trade on the goodwill associated with the **HARU®** trademarks.

45.     Defendant's acts constitute willful and deliberate infringement of the federally-registered **HARU®** Trademarks in violation of 15 U.S.C. § 1114.

46.     Defendant's willful and callous misconduct makes this an exceptional case, entitling Plaintiff to have any monetary remedies increased, up to three times such amount, and to recover its attorneys' fees under 15 U.S.C. § 1117.

47.     Plaintiff has been and will continue to be irreparably injured by Defendant's conduct.  Plaintiff cannot be adequately compensated for these injuries by monetary remedies alone, and Plaintiff has no adequate remedy at law for Defendant's infringement of its rights.  Plaintiff is therefore entitled to injunctive relief against Defendant, and, after trial, to recover any damages proven to have been caused, or any profits of Defendant that has been earned unjustly, by reason of Defendant's acts of infringement.

## COUNT 2:  FALSE DESIGNATION OF ORIGIN
## AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

48.     Plaintiff hereby repeats and incorporates the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.

49.     This claim is brought under 15 U.S.C. § 1125(a).

50.     Defendant's unauthorized use of the **HARU®** Trademarks in its trade names, trademarks, and domain names, in commerce, in connection with the sale, offering for sale, distribution, or advertising of goods/services, unfairly competes with Plaintiff, constitutes a false designation of origin and false description, and falsely represents to the public that the goods/services advertised, sold, or offered for sale by Defendant (and/or its affiliates or business partners) emanate from the same source or origin as Plaintiff's goods/services, or that Plaintiff authorizes,

endorses, sponsors, or otherwise approves those goods/services, when Plaintiff does not.

51.     Defendant's activity has resulted in injury and has a direct impact on Plaintiff's reputation and its ability to market its own goods/services under the **HARU®** Trademarks.  Furthermore, any defect, objection, or fault found with Defendant's (and/or its affiliates or business partners') goods/services will negatively impact and seriously injure the reputation Plaintiff has established for the goods/services it sells under the **HARU®** Trademarks.

52.     Defendant, with knowledge of such falsity, directly and/or indirectly, offered or caused to be offered, advertised, and sold goods/services in connection with trademarks, trade names, and a domain name that are confusingly similar to the **HARU®** Trademarks.

53.     Defendant's use, ownership and registration of the Infringing Marks are without Plaintiff's permission, license, or consent.  Defendant is not connected with Plaintiff or the **HARU®** Trademarks.  Plaintiff has objected to Defendant's use, ownership, and/or registration of the Infringing Marks and Defendant has intentionally ignored such demands and continues to use the Infringing Marks, intending to trade on the goodwill associated with the **HARU®** Trademarks.

54.     Defendant's acts constitute false designation of origin, false suggestion and false connection with the **HARU®** Trademarks and unfair competition in violation of 15 U.S.C. § 1125(a).

55.     Defendant's willful and callous misconduct makes this an exceptional case, entitling Plaintiff to have any monetary remedies increased up to treble damages, and to recover its attorneys' fees under 15 U.S.C. § 1117.

56.     Plaintiff has been and will continue to be irreparably injured by Defendant's conduct.  Plaintiff cannot be adequately compensated for these injuries by monetary remedies alone, and Plaintiff has no adequate remedy at law for Defendant's infringement of its rights.  Plaintiff is therefore entitled to injunctive

relief against Defendant, and, after trial, to recover any damages proven to have been caused, or any profits of Defendant that has been earned unjustly, by reason of Defendant's acts of infringement and unfair competition.

## COUNT 3:  VIOLATION OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d))

57.     Plaintiff hereby repeats incorporates the allegations contained in Paragraphs 1 through 56 as if fully set forth herein.

58.     This claim is brought under 15 U.S.C. § 1125(d).

59.     Defendant uses the domain name HARUSUSHICAFE.COM in connection with the restaurant located at 480 S. San Vicente Blvd., Los Angeles, California, 90048.

60.     On information and belief, Defendant controls, owns and/or maintains the HARUSUSHICAFE.COM domain name, which is confusingly similar to Plaintiff's distinctive **HARU®** Trademarks, and is using the said domain name with bad faith intent to profit from Plaintiff's distinctive the **HARU®** Trademarks.

61.     Defendant's unauthorized use of the **HARU®** Trademarks in its Infringing Marks, including, without limitation, in the use of the domain name is likely to cause confusion, mistake, or deception with regard to the origin of Defendant's goods/services and to confuse, mislead, and deceive members of the public into believing that Plaintiff has allowed, sponsored, approved, or licensed Defendant to provide the same goods/services, or in some way Defendant is connected to or affiliated with Plaintiff, when they are not.

62.     This is particularly true since the HARUSUSHICAFE.COM domain name consists of and/or incorporates the **HARU®** Trademarks and is nearly identical and confusingly similar to Plaintiff's **HARU®** Trademarks and Plaintiff's primary domain name of harusushi.com.

63.   Defendant uses and continues to use the HARUSUSHICAFE.COM domain name in bad faith, long after Defendant had constructive and actual notice of Plaintiff's federally registered **HARU®** Trademarks.  Defendant lacks any rights and does not have any legitimate interest in and to the Infringing Marks.

64.   Defendant's acts constitute cybersquatting in violation of 15 U.S.C. § 1125(d).

65.   Plaintiff has been and will continue to be irreparably injured by Defendant's conduct.  Plaintiff cannot be adequately compensated for these injuries by monetary remedies alone, and Plaintiff has no adequate remedy at law for Defendant's infringement of its rights.  Plaintiff is therefore entitled to injunctive relief against Defendant, and, after trial, to recover any damages proven to have been caused, or any profits of Defendant that has been earned unjustly, by reason of Defendant's acts of infringement and cybersquatting.

66.   By reason of the foregoing, Plaintiff is entitled to a transfer of the HARUSUSHICAFE.COM domain name and to an award of statutory damages of $100,000.  Defendant's willful misconduct makes this an exceptional case, entitling Plaintiff to recover its attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT 4:  CALIFORNIA UNFAIR COMPETITION
### (CAL. BUS. & PROF. CODE §§ 17200, et. seq.)

67.   Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 66 as if fully set forth herein.

68.   Defendant's conduct in using the Infringing Marks in connection with restaurants and other services, as alleged herein, constitutes unfair, unlawful and fraudulent business practices prohibited by §§ 17200, et seq. of California Business & Professions Code.

69.   As a direct and proximate result of these wrongful acts, Plaintiff has suffered and continues to suffer irreparable damage to its business and reputation.  Plaintiff has no adequate remedy at law to rectify the injuries and harm to it

1   proximately caused by these unlawful acts.   Plaintiff has sustained and will

2   continue to sustain irreparable injury unless Defendant is enjoined from committing

3   the wrongful acts set forth above.   Plaintiff, therefore, seeks injunctive relief,

4   enjoining Defendant, its officers, agents and employees and all persons acting in

5   concert with them, from further engaging in acts of unfair competition against

6   Plaintiff.

7        70.   As a direct and proximate result of Defendant's wrongful conduct as

8   described herein, Plaintiff alleges that Defendant has gained revenues and other

9   amounts properly belonging to Plaintiff and Plaintiff seeks restitution of those

10   amounts.

11   **COUNT 5:  COMMON LAW TRADEMARK INFRINGEMENT**

12        71.   Plaintiff hereby incorporates the allegations contained in Paragraphs 1

13   through 70 as if fully set forth herein.

14        72.   Plaintiff owns and has superior rights in and to the **HARU®**

15   Trademarks.

16        73.   Plaintiff has continuously and extensively used the **HARU®**

17   Trademarks since as early as 1999 in connection with its restaurant, catering, and

18   related services, and has not abandoned the marks.

19        74.   By virtue of its willful disregard for Plaintiff's trademark rights, and

20   its knowing and intentional misrepresentations; Defendant's conduct as described

21   above misleads the public as to the nature, source and/or origin of their

22   goods/services so as to create a likelihood of confusion as to the nature, source, or

23   sponsorship of Defendant's goods/services.

24        75.   Defendant's conduct wrongfully tarnishes the goodwill symbolized by

25   the **HARU®** Trademarks.

26        76.   Defendant's conduct constitutes unfair competition in violation of

27   Plaintiff's rights under the common law of the State of California.

28

77.    By reason of Defendant's acts alleged herein, Plaintiff has suffered and, unless Defendant's conduct is restrained, will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Haru Holding Corporation respectfully prays for the following relief against Defendant:

(a)    An order declaring that Defendant's unauthorized conduct violates the Lanham Act, 15 U.S.C. §§1114, 1125(a), and 1125(d);

(b)    An order requiring Defendant to provide an inventory list of all domain names and all articles, materials and tangible things in Defendant's possession, custody, or control, consisting of any of the **HARU®** Trademarks, or colorable imitations thereof;

(c)    An order permanently enjoining and restraining Defendant and those in active concert and participation with Defendant from:

1.    Further infringing and/or making any use of any of the **HARU®** Trademarks, the word "HARU", or any colorable imitation thereof, using or registering any trademark or domain name incorporating or confusingly similar to any of the **HARU®** Trademarks, using, registering or renewing any trademark or domain name constituting or incorporating any of the Infringing Marks, any corresponding trademarks, and/or any domain name or trademark confusingly similar thereto to advertise, promote, display or sell any good/service;

2.    Making any further use of the Infringing Marks or any domain name, trademarks, corporate names, trade names, or designations consisting of, in whole or in part, any of the **HARU®** Trademarks, the term "HARU", or any colorable imitation thereof, and/or any domain name, trademark, corporate

name, trade name, or designation confusingly similar to the **HARU®** Trademarks;

3.  Registering, renewing, purchasing, and/or acquiring any trademarks, domain names, trade names, corporate names, and/or designations, consisting of, in whole or in part, any of the **HARU®** Trademarks, the term "HARU", or any colorable imitation thereof, or any domain name, trademark, corporate name, trade name, or designation confusingly similar thereto;

4.  Representing or suggesting to any third party that Defendant is affiliated with, sponsored by, licensed by, or otherwise connected with Plaintiff and/or the **HARU®** Trademarks; and

5.  Otherwise unfairly competing with Plaintiff;

(d)   An order compelling Defendant to transfer registration to Plaintiff of any and all rights it has in any of the Infringing Marks, including, without limitation, the HARUSUSHICAFE.COM domain name and/or any other trademarks, corporate names, trade names, and/or designations consisting of, in whole or in part, any of the **HARU®** Trademarks, the term "HARU," or any colorable imitation thereof, and/or any domain name, trademark, corporate name, trade name, or designation confusingly similar thereto;

(e)   An order compelling Defendant to remove all signs, and to recall all copies of print or electronic media, press releases, promotions, or advertisements in Defendant's control bearing the **HARU®** Trademarks or colorable imitations thereof and/or the Infringing Marks, and all related goods/services and/or materials, articles or tangible things, pursuant to 15 U.S.C. § 1118;

(f)   An order directing any other relief that the Court may deem appropriate to prevent the public from deriving any erroneous impression that any goods/services offered by Defendant are authorized by Plaintiff or are in any way related to Plaintiff, Plaintiff's goods/services, and/or the **HARU®** Trademarks;

(g)   An order directing an accounting;

(h)   That judgment be rendered against Defendant for:

    1.   An award of profits received by Defendant from its infringement and misuse of the **HARU®** Trademarks as provided for in 15 U.S.C. § 1117;

    2.   All profits received by Defendant and all damages sustained by Plaintiff on account of Defendant's false suggestion or connection with Plaintiff through the use of the **HARU®** Trademarks and/or Defendant's Infringing Marks;

    3.   An award of damages to Plaintiff for Defendant's wrongful conduct, including, without limitation, treble damages for Defendant's intentional and willful conduct pursuant to 15 U.S.C. § 1117;

    4.   An award of restitution to Plaintiff for Defendant's wrongful conduct pursuant to Cal. Bus. & Prof. Code §17203;

    5.   An award to Plaintiff for costs, including reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. §§ 1114 and 1117, or as otherwise allowed by law or statute; and

    6.   Any other and further relief as this Court may deem warranted and just.

1

2

Dated:  August 25, 2014                    SNELL & WILMER L.L.P.

3

4

5

By: _/s/ Marjorie A. Witter_
      Elizabeth M. Weldon
      Marjorie A. Witter

6

7

      *Attorneys for Plaintiff*
      HARU HOLDING CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury in this action of all issues so triable.

Dated:      August 25, 2014              SNELL & WILMER L.L.P.


By: */s/ Marjorie A. Witter*
Elizabeth M. Weldon
Marjorie A. Witter

*Attorneys for Plaintiff*
HARU HOLDING CORPORATION