| | |
|---|---|
| Elizabeth M. Weldon (Cal. Bar No. 223452)<br>eweldon@swlaw.com<br>Marjorie A. Witter (Cal. Bar No. 250061)<br>mwitter@swlaw.com<br>SNELL & WILMER L.L.P.<br>Two California Plaza<br>350 South Grand Avenue<br>Suite 2600<br>Los Angeles, California 90071<br>Tel.: 213.929.2500<br>Fax: 213.929.2525 | E-FILED 01/6/15<br><br>JS-6 |

Attorneys for Plaintiff,
HARU HOLDING CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARU HOLDING CORPORATION, a Delaware corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>SPRING VISION RESTAURANT CORPORATION, a California corporation, d/b/a Haru Sushi Cafe, Haru Sushi, and Harusushicafe.com,<br><br>*Defendant*. | Civil Action No. 14-cv-06658-PSG(PLAx)<br><br>**[PROPOSED] STIPULATED JUDGMENT AND ORDER OF PERMANENT INJUNCTION** |

1  **THIS CAUSE** came before the Court on the application of Plaintiff HARU HOLDING CORPORATION (hereinafter "Plaintiff" or "HHC") and Defendant SPRING VISION RESTAURANT CORPORATION ("Defendant"). HHC and Defendant may be collectively referred to as the "Parties." The Parties have jointly moved for, and have consented to, entry of a Consent Judgment ("Judgment") including injunctive relief in the form herein set forth.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, ORDERED, ADJUDGED and DECREED** as follows:

1.  On August 25, 2014, HHC filed a Complaint against SPRING VISION RESTAURANT CORPORATION d/b/a HARU SUSHI CAFÉ, HARU SUSHI, and/or HARUSUSHICAFE.COM for a permanent injunction and other relief in connection with Defendants for violation of a settlement agreement and violation the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d), and California statutory and common laws.

2.  Defendant admits that this Court has subject matter jurisdiction over the action and admits and consents to personal jurisdiction over Defendant and entry of this final judgment.

2.  Defendant acknowledges and admits HHC has continuously, exclusively, and extensively used the trademark HARU®, with and without design elements, in commerce since as early as 1999 in connection with its restaurant, catering, and related goods and services. HHC's restaurants serve traditional

- 1 -

Japanese and inventive Japanese-fusion cuisine in a trendy ambiance. HHC also provides delivery and catering services, private rooms and lounges, outdoor dining spaces and a bar.

3. Defendant acknowledges and admits that in addition to HHC's common law trademark rights, HHC is also the owner of several valid and subsisting federal trademark registrations for the trademark HARU® as well as other design marks that include the word HARU including the following federal trademark registrations for its trademarks (individually and collectively referred to as the "**HARU® Registrations**"):

| **Trademark** | **Registration No.** | **Goods/Services** |
| --- | --- | --- |
| (HARU design mark) | 2,546,193 | Restaurant services (Class 043). |
| **HARU** | 2,709,147 | Restaurant services (Class 043). |
| (HARU design mark) | 4,125,100 | Restaurant, bar, and catering services (Class 043). |

Collectively, HHC's common law rights and its rights to the marks in the **HARU®** Registrations are referred to as the "**HARU® Trademarks**."

4. Defendant acknowledges and admits that the **HARU®** Trademarks are

- 2 -

strong and **HARU®** Registrations are valid, subsisting, and evidence HHC's exclusive rights and ownership to the **HARU®** Trademarks.

5. Defendant own and operates one (1) restaurant at 480 S. San Vicente Blvd., Los Angeles, CA 90048 using the trademarks, trade names, and domain names HARU SUSHI CAFE, HARU'S SUSHI CAFÉ, HARU SUSHI, and/or HARUSUSHICAFE.COM ("Defendant's Names") to advertise and promote goods/services which directly compete with the goods/services connected with the **HARU®** Trademarks.

6. Defendant acknowledges and agrees that Defendant's use of Defendant's Names has not been authorized by HHC.

7. Defendant acknowledges and agrees that Defendant's unauthorized use of the Defendant's Names infringe the **HARU®** Trademarks, falsely suggest an association between Defendant and HHC, or a sponsorship by HHC or Defendant or Defendant's goods or services which does not exist, and constitute a false designation of origin, unfair competition, and cybersquatting.

8. Judgment is hereby entered in favor of HHC and against Defendant as follows:

Defendant, his/her/its principals, officers, general partners, limited partners, shareholders, and owners, employees, agents, representatives, parents, affiliates, divisions, subsidiaries, successors, vendees, transferees, and/or assigns, individually and collectively, and all those in active concert or participation with Defendant, on

a worldwide basis, directly and indirectly, are immediately and permanently enjoined from, directly and indirectly:

    (i)    registering, attempting to register, renewing, purchasing, or acquiring any trademark rights consisting of, in whole or in part, the word HARU, any of the HARU® Trademarks, any colorable imitations thereof, and/or any trademarks confusingly similar thereto, including, without limitation, HARU SUSHI CAFE, HARU'S SUSHI CAFÉ, HARU SUSHI, and/or HARUSUSHICAFE.COM; and

    (ii)    registering, attempting to register, renewing, purchasing, or acquiring any domain names, trade names, fictitious names, and/or corporate names consisting of, in whole or in part, the word HARU, any of the HARU® Trademarks, any colorable imitations thereof, and/or any trademarks confusingly similar thereto, including without limitation HARU SUSHI CAFE, HARU'S SUSHI CAFÉ, HARU SUSHI, and/or HARUSUSHICAFE.COM; and

    (iii)    identifying, passing off, or creating the false association, affiliation or association with HHC or the HARU® Trademarks, and if asked, shall expressly deny same; and

    (iv)    using, advertising, promoting, selling or offering to sell, or authorizing others to do so, in connection with any goods/services, the word HARU, the HARU® Trademarks, any colorable imitations thereof, and/or any other words, phrases, or symbols that are confusingly similar thereto, including, without limitation, HARU SUSHI CAFE, HARU'S SUSHI CAFÉ, HARU SUSHI, and/or HARUSUSHICAFE.COM; and

    (v)    using, owning, registering, and/or otherwise controlling, any name, mark, or listing consisting of, in whole or in part, the word HARU, any of the HARU® Trademarks, any colorable imitations thereof, and/or any other words confusingly similar thereto, including, without limitation, HARU SUSHI CAFE, HARU'S SUSHI CAFÉ, HARU SUSHI, and/or HARUSUSHICAFE.COM: (a) as a corporate name, trade name, fictitious name, trademark, service mark, collective mark, certification mark, brand name, logo, domain name, website, keywords, in metatags, or any other means

of source identification of any nature whatsoever, either alone or in combination with other words or symbols, (b) in advertising materials, promotional materials, stationery, packaging, displays, signs of any nature, instructions, labels and other printed materials of any nature whatsoever, (c) in listings of any nature, including, but not limited to, business listings, Internet listings, phone and trade association listings, and shall immediately cancel same (d) in domain names and Internet text material of any nature whatsoever, including, but not limited to, metatags, keywords, websites and any other source code or visible display on the Internet.

9. Defendant agrees to take any action requested by HHC to have the HARUSUSHICAFE.COM domain name transferred to an account designated by HHC effective no later than 12:01 a.m. EST on March 31, 2015. Defendant further hereby irrevocably assigns, sells, conveys, grants, and transfers to HHC, without recourse, all of Defendant's rights, title and interest in and to the HARUSUSHICAFE.COM domain name, including without limitation, all federal, foreign, statutory and common law and other rights residing in Defendant's HARUSUSHICAFE.COM domain name, all domestic and foreign applications, registrations, extensions and renewals of such applications and registrations, all goodwill of the businesses connected with and symbolized by the HARUSUSHICAFE.COM domain name, all rights to causes of action and remedies related thereto, including without limitation, the right to sue and seek damages for past, present, and future infringements thereof, and any and all other rights and interests arising out of, or in connection with the harusushisewell.com domain name.

8. Notwithstanding Defendant's obligations as set forth in Paragraphs 8 through 9 above, Defendant:

(i) shall be able to continue using any currently-existing advertising materials, promotional materials, flyers, stationery, packaging, menus, billboards, napkins, table displays, signs of any nature, instructions, labels, business cards, and other materials which display the corporate names, trade names, trademarks, and/or domain names HARU SUSHI CAFE, HARU'S SUSHI CAFÉ, HARU SUSHI, and/or HARUSUSHICAFE.COM, through and including **March 15, 2015**;

(ii) by no later **March 20, 2015**, SPRING VISION shall send to HHC for destruction all advertising materials, promotional materials, stationery, packaging, displays, signs, labels, electronic files, and any other materials of any nature and/or any medium whatsoever, that display, use, or reproduce the word HARU SUSHI CAFE, HARU'S SUSHI CAFÉ, HARU SUSHI, and/or HARUSUSHICAFE.COM. SPRING VISION shall submit a written certification, under penalty of perjury and pursuant to 28 U.S.C. § 1746 to HHC setting forth in detail the materials sent to HHC for destruction along with a representation that all materials described herein have been delivered to HHC. Alternatively, SPRING VISION shall submit a written certification, under penalty of perjury and pursuant to 28 U.S.C. §1746 that SPRING VISION is not in possession of any materials identified in this paragraph.

10. The undersigned represent that the respective parties have had the opportunity to engage independent legal counsel or have obtained the advice of counsel and are consenting and agreeing to all of the terms of this Judgment freely and voluntarily.

11. The Clerk of the Court shall enter this Judgment promptly on the docket of the Court pursuant to Rule 58 of the Federal Rules of Civil Procedure and

1  this action is hereby dismissed without costs or attorney's fees, save this Court shall
2  retain exclusive jurisdiction over this action for disputes arising out of the
3
4  settlement agreement executed by the Parties or this Judgment.
5     **IN WITNESS WHEREOF,** the parties hereto have caused this Judgment to
6  be executed on the dates set forth below and hereby consent to the form and entry
7  of this Consent Judgment.

| HARU HOLDING CORPORATION | SPRING VISION RESTAURANT CORPORATION |
|---|---|
| Signature: *Cristina L. Mendoza* | Signature: *[signature]* |
| By: CRISTINA L. MENDOZA | By: Kunihiro Iwata |
| Title: Secretary | Title: President |
| Date: 12/18/14 | Date: 12/14/2014 |

**SO ORDERED**

THIS 6th DAY OF January, 2015

**PHILIP S. GUTIERREZ**
Philip S. Gutierrez
United States District Judge

SNELL & WILMER L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071